OSVALDO PARÉS, INC., Plaintiff and Appellant, v. DOLORES GALÁN RODRÍGUEZ, Defendant and Appellee.

No. R-69-119.     Decided March 10, 1970.

*Enrique Báez García* and *Víctor E. Báez* for appellant. *Luis A. Archilla Laugier* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Osvaldo Parés, Inc., brought a civil action in the Superior Court, Mayagüez Part,[1] against Dolores Galán Rodríguez, alleging in the complaint that:

"FIRST: That on September 1, 1964, plaintiff herein filed a claim in the District Court of Puerto Rico, Mayagüez Part, under the Special Conditional Sales Act, against defendant herein. On said occasion plaintiff obtained the attachment of the property sold upon a conditional sales contract, to secure the effectiveness of the judgment which, in due time, could be rendered in its favor.

"SECOND: That by motion of defendant herein, said case was removed to the District Court of Puerto Rico, Toa Alta Part, where it was filed under No. CD-64-176.

"THIRD: That defendant answered said claim, denied owing any amount whatsoever, and filed a counterclaim alleging that the attachment levied by plaintiff constituted a wrongful dispossession of her property and that the same had caused her serious damages. The counterclaimed plaintiff did not answer said counterclaim.

"FOURTH: After setting the trial for July 9, 1965 and for August 6, 1965, the court served notice to the parties of an order of September 8, 1966, to show causes why the case should not be dismissed by reason that no steps had been taken by any of the parties during the six (6) months prior to the date of said order, and on October 20, 1966 the court ordered the dismissal of the case without imposition of costs and judgment was notified to the parties.

"FIFTH: On April 20, 1967, the counterclaimant defendant filed motion to set aside the judgment to dismiss the case as to the counterclaim, and said motion was granted by the court.

"SIXTH: That on October 6, 1967, the hearing of the counterclaim on the merits was held and there only appeared the defendant-counterclaimant. Said trial produced the judgment of March 28, 1968, in which the counterclaim was sustained and the

---

[1] The case was removed to the Superior Court, Bayamón Part.

counterclaimed plaintiff was ordered to pay defendant-counter-claimant the amount of SIX THOUSAND THREE HUNDRED SEVENTY–FIVE DOLLARS ($6,375), the costs of the litigation, and the amount of ONE HUNDRED DOLLARS ($100) for attorney's fees, and the restitution to defendant-counterclaimant of the property attached was also ordered. Notice of said judgment was served on the aggrieved party on March 28, 1968.

"SEVENTH: That on April 30, 1968, the counterclaimed plaintiff filed a motion under Rule 49.2 of the Rules of Civil Procedure, requesting to be relieved from the aforementioned judgment and that the answer to the counterclaim be admitted. The defendant-counterclaimant objected in writing to the motion under Rule 49.2, and on September 3, 1968 the District Court of Puerto Rico, Toa Alta Part, entered an order denying the aforementioned motion under Rule 49.2.

"EIGHTH: That the reasons for which the counterclaimed plaintiff moved for the nullity of judgment of March 28, 1968, are the following:

"(1) The original claim of September 1, 1964, filed by plaintiff under the Conditional Sales Act having been answered, it is not proper to dismiss the complaint for lack of diligence, pursuant to the provisions of Rule 11 of the Rules of Administration for the Court of First Instance of the Commonwealth of Puerto Rico.

"(2) The counterclaim, which is the basis of the judgment of March 28, 1968 was never answered by the counterclaimed plaintiff, for which reason, said counterclaim requiring a responsive allegation, it was necessary that default should have been entered against the counterclaimed plaintiff in order to render a judgment by default against the latter, the aforementioned default not having been entered at any time whatsoever before the holding of the hearing of the counterclaim to determine the damages sustained by the defendant-counterclaimant.

"(3) The counterclaim, which is the basis of the judgment of March 28, 1968, is totally premature since said counterclaim is predicated on a wrongful attachment, for which reason it is required that the action in which the property was attached should have been decided in favor of the person from whom

property was attached. Since the principal suit was never terminated, the counterclaim is premature.

"(4) Since the action for damages based on a wrongful attachment requires that the action where the attachment is levied should have terminated, the same must be a subsequent suit, separate and different from the suit where the attachment is made, for which reason the counterclaim in said case must be brought by a separate action after the termination of the principal suit, because in this suit the claim object of the counterclaim failed to allege a cause of action and it exceeded the maximum statutory jurisdiction of the District Court, Toa Alta Part, and it had to be a different suit, the District Court, Toa Alta Part, lacks jurisdiction to take cognizance of said counterclaim.

"NINTH: That in addition to the grounds alleged in the motion under Rule 49.2 of April 30, 1968, plaintiff herein understands that the judgment rendered on March 28, 1968 is void for the following additional reasons:

"(1) The counterclaimed party obtained judgment by default without such party having been notified, at least three (3) days in advance, of the hearing of its motion concerning the judgment, the counterclaimed party having appeared at the trial when it filed its original claim on September 1, 1964.

"(2) The proceeding claiming property sold under the conditional sales contract being of a summary nature, within said proceeding, a counterclaim could not be filed by ordinary proceeding.

"TENTH: That the counterclaim brought by the defendant, and which if it should prosper should be the object of an independent suit, exceeds the maximum statutory jurisdiction of the District Court, Toa Alta Part, because it exceeds TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500).

"ELEVENTH: That defendant-counterclaimant never entered default against plaintiff and she did not serve notice, either, prior to the hearing of the trial, of her motion for judgment by default, and it was under said conditions that the judgment of March 28, 1968, was rendered, copy of which is attached hereto and marked Exhibit A.

"WHEREFORE, plaintiff herein prays this court to sustain this complaint in due time and after the indispensable legal proceedings, decreeing the nullity of the proceedings had in the Dis-

trict Court of Puerto Rico, Toa Alta Part, in the suit brought by Osvaldo Parés, Inc., plaintiff, v. Dolores Galán Rodríguez, defendant, Civil Case No. CD-64-176, on claims of property sold under Conditional Sales Contract, as well as any other pronouncement proper at law."

Defendant filed a motion requesting the dismissal of the complaint because it constituted res judicata.

The parties having been heard concerning this motion by memoranda, the trial court rendered judgment dismissing the complaint and ordering plaintiff to pay costs, and $400 for attorney's fees.

We issued writ to review said judgment.

The complaint was brought under the provisions of Rule 49.2 of the Rules of Civil Procedure, prescribing in part, that said Rule does not limit the power of the court to "(a) entertain an independent action to relieve a party from a judgment, order, or proceeding, . . . ." Rule 49.2 provides the proper remedy in the trial court itself to relieve a party, or its legal representative, from a judgment, order, or proceeding, for the reasons enumerated in the rule itself. The reason in voked by plaintiff to be relieved from the judgment rendered against it by the District Court, Toa Alta Part, is the one marked number (4) in the Rule, to wit: nullity of judgment.

■ Before bringing the independent action as to relief from judgment, plaintiff employed the procedure prescribed in Rule 49.2, resorting to the District Court, Toa Alta Part, by motion, alleging as reasons to be relieved from judgment (1) that the dismissal of the original complaint for repossession of property sold under conditional sales contract was not proper, (2) that it was not proper to render judgment as to the counterclaim before entering default against the counterclaimed plaintiff, (3) that said counterclaim was premature because the action in which the attachment had been levied had not been terminated, (4) that said counterclaim should have been brought in a separate action because (a) the coun-

terclaim did not allege facts constituting a cause of action, and (b) the counterclaim exceeded the maximum statutory jurisdiction of the District Court.

Plaintiff had the opportunity to raise these questions in (1) an appeal from the judgment sustaining the counterclaim, and (2) in the review of the order of the district judge denying the motion under Rule 49.2. However, it did not resort to the remedy of review.

We do not agree with appellant herein in that it would have been useless to appeal from the judgment of the District Court, or move for the review of the order denying its motion for relief from said judgment. All the facts on which plaintiff based its request, if appeal had been taken from the judgment of the District Court, or if review of the order denying its relief from said judgment had been applied for, appeared from the record of the case before said District Court. Its attack to the judgment was grounded on procedural errors, as well as on the lack of cause of action in the claim established through the counterclaim, and nothing precluded appellant herein from raising its contention in the corresponding appeal before the appellate court.

The remedy employed by appellant in the District Court, under Rule 49.2, was not improper either. The fact that the motion did not affect the finality of the judgment nor suspend its effect by legal provision did not preclude it from obtaining the proper remedy in the appellate court, through the exercise by said court, of its power in aid of its jurisdiction.

There occurs in this case the extraordinary situation that appellant has sought to employ the remedy of relief from judgment by motion provided in Rule 49.2, as well as the independent suit, both being based on the same reasons. Maybe in an appropriate case, like when the judgment is actually void, the objection to employ both remedies can be overcome,

a question which we are not deciding now because, as we shall see hereinafter, we are not considering that question.

■ In any event, the independent action brought by appellant seems to have been employed as a substitute for the remedy of appeal or review, and that is not permitted.

Irrespective of the fact that appellant had ample opportunity to discuss and litigate the reasons for nullity of judgment set forth in the complaint under Nos. 1, 2, 3, and 4, at the trial court itself, and from whose order appeal was not taken, and which, therefore, may be considered as adjudicated under the doctrine of res judicata, *Infanzón v. Economic Stab. Adm.*, 84 P.R.R. 441, 447 (1962), said motives or reasons, or legal assignments, do not produce the nullity of the judgment rendered by the District Court. Let us see.

■ The judgment of the District Court is not void by reason that the dismissal of the action for repossession was decreed under Rule 11 of the Rules of Administration. The inactivity of the parties in bringing the action for a period exceeding that prescribed by the rule, justified the judgment of dismissal after complying, as it was done, with the due procedure therefor.

■ The second reason for nullity cannot prosper either. The validity of a judgment by default does not require the previous entry of the default. *Roig Comm. Bank v. Iglesias*, 47 P.R.R. 815 (1934); *R. Ruiz & Cía. v. García*, 47 P.R.R. 100 (1934).

■ Appellant alleges as a third reason for nullity that the counterclaim was premature because the suit in which the attachment was levied had not been decided in favor of the owner of the attached property. As to the question concerning the fact whether within the action for repossession the counterclaim was proper, see *Isaac Sánchez v. Universal C.I.T. Credit*, 95 P.R.R. 361 (1967). In any event, when the hearing of the counterclaim was held, as well as when the judgment

was rendered, the complaint for repossession had already been dismissed and had caused the effect of res judicata, for which reason the suit where the attachment was levied had terminated in favor of defendant therein. *Heirs of Rosario* v. *Heirs of Cortijo,* 83 P.R.R. 653 (1961) ; *Souchet* v. *Cosío,* 83 P.R.R. 730 (1961).

■ In reason No. 4, in addition to raising again the question that the counterclaim was premature, it is maintained that the District Court lacked jurisdiction to take cognizance of said counterclaim by reason of the amount claimed and adjudicated in the judgment. That is not a valid reason for nullity either.

Pursuant to § 10 of the Judiciary Act (4 L.P.R.A. § 62), every case may be heard in the division or part where it is brought, by agreement of the parties and consent of the presiding judge.

■■ The agreement of the parties in the sense that the case be heard in a part of a court of improper venue may be express or implied. The consent of a party is manifested by its conduct or inaction in not objecting, having opportunity to do so, to the continuation of the case in the improper part. The nonappearance or default of a party after having been summoned should be considered as the agreement or acceptance of said party to continue with the prosecution of the case in the part where it was brought. *Rodríguez* v. *Registrar,* 75 P.R.R. 669 (1953).

Appellant was served notice of the filing of the counterclaim in the District Court, as well as of the setting of the hearing, and it did not answer the counterclaim or appear at the hearing. Assuming that it was not proper to hear the counterclaim in the District Court, Orocovis Part, appellant, by its inaction, gave its consent to continue the prosecution in said Part.

As an additional ground for nullity it is alleged in the complaint of the independent suit that notice was not served

three days prior to the hearing to obtain judgment by default. Although appellant herein did not answer the counterclaim, its default was not entered. Notice of the hearing of the counterclaim was served on all the parties, but the counter-claimed party failed to appear. Said reason for nullity is, therefore, frivolous.

We have already disposed of the additional reasons for nullity in deciding as to the availability of the counterclaim, and the jurisdiction of the District Court to take cognizance of the same under the attendant circumstances.

For the reasons stated, the judgment rendered by the Superior Court, Bayamón Part, will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.

